**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA K FRUGIS, | Civil Action No. 21-16772 (SDW) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | May 13, 2025 |
| Defendant. | |

**WIGENTON**, District Judge.

Before this Court is Plaintiff Lisa F.'s ("Plaintiff"), by and through her attorney Sheryl G. Mazur, Esq. ("Counsel"), Motion for Attorney's Fees under Section 406(b) of the Social Security Act. (D.E. 21 ("Mot.").) Counsel represented Plaintiff in social security proceedings before the Social Security Administration ("SSA") and on appeal in this Court pursuant to a series of representation agreements. (D.E. 21 at 5–10.) In accordance with those agreements, Counsel would receive 25% of any past due disability benefits awarded by the SSA.[1] The SSA awarded Plaintiff $61,255.70 in past due benefits. (*Id.* at 36.) Counsel seeks $15,313.93 for her representation of Plaintiff in this matter. (*Id.* at 1.) The Commissioner of Social Security

---

[1] *See, e.g.*, *id.* at 10 ("In the event that the SSA favorably decides my case after an appeal to the Appeals Council or federal court, then I agree that my attorney shall charge and receive a fee of 25% of all past due benefits which are awarded to my family and myself without a maximum amount.").

("Commissioner") does not support or oppose the fee application.  (D.E. 23 at 2.)  For the reasons stated herein, the Motion is **GRANTED**.

## I.    STANDARD OF REVIEW

The Social Security Act allows an attorney to have a contingent-fee arrangement with a social security claimant under which the attorney receives a percentage of the benefits award. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (explaining the Act "does not displace contingent-fee agreements").  Section 406(b) of the Act states:

> Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).  "Contingent fee arrangements are 'the primary means by which fees are set for successfully representing Social Security benefit claimants in court.'"  *Laurice A.H. v. Kijakazi*, No. 20-18687, 2023 WL 8237336, at *2 (D.N.J. Nov. 28, 2023) (quoting *Gisbrecht*, 535 U.S. at 807).  Under Section 406(b), contingent-fee arrangements providing for fees beyond 25% of past due benefits are "unenforceable."  *Gisbrecht*, 535 U.S. at 807.

Courts review contingent-fee arrangements for reasonableness.  *Id.*  In doing so, courts look to counsel's experience, "the nature of contingent fees and the risk of non-recovery, counsel's typical hourly rate, the [Equal Access to Justice Act] fee previously requested, and whether the attorney is responsible for any unreasonable delays in the proceeding."  *Leak v. Comm'r of Soc. Sec.*, No. 11-51, 2017 WL 5513191, at *1 (D.N.J. Nov. 17, 2017).  Additionally, where the attorney received an Equal Access to Justice Act ("EAJA") fee, the attorney must refund that award to the social security claimant.  *Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social

Security benefits in this manner:  [f]ee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'") (second alteration in original) (citation omitted).

## II.  **DISCUSSION**

Having considered the relevant factors, this Court finds the $15,313.93 requested fee reasonable.  Counsel expended approximately ninety hours on the matter, which this Court finds reasonable in light of the age of the case, its extensive procedural history, and the favorable result reached on behalf of her client.  (D.E. 21 at 3.)  Counsel's imputed hourly rate is approximately $170.15, which is reasonable considering the fee amounts approved by other courts in this District. *See, e.g.*, *Rene C. v. Comm'r of Soc. Sec.*, No. 20-8527, 2025 WL 580442, at *2 (D.N.J. Feb. 21, 2025) (approving imputed hourly rate of $574.47); *Padgett v. Colvin*, No. 20-12082, 2024 WL 5264247, at *1 (D.N.J. Dec. 30, 2024) (approving imputed hourly rate of $531.20 for 90 hours of work).

## III.  **CONCLUSION**

For the reasons stated above, **IT IS**, on this 13th day of May 2025, hereby:

**ORDERED** that Plaintiff's Motion for Attorney's Fees is **GRANTED**; and it is further

**ORDERED** that Counsel shall remit to Plaintiff Lisa F. any amount she received in EAJA fees by this Court's previous award, (D.E. 20); and it is further

**ORDERED** that Counsel shall be awarded $15,313.93 in attorney's fees from Plaintiff Lisa F.'s past due disability benefits award.

**SO ORDERED**.

               /s/ Susan D. Wigenton
             **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties